[Crim. No. 2514. In Bank.—April 20, 1923.]

In the Matter of the Application of VADA LUSHER for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS — KEEPING OF GOATS—APPLICATION OF ORDINANCE TO "KIDS."—A city ordinance declaring it to be a nuisance and unlawful to keep and maintain any goat, or goats, within prescribed distances of dwellings of others than the owner of said goat or goats, applies to the keeping and maintenance of "kids," which are defined to be young goats, the age of the goats not being a matter of defense under the ordinance.

PROCEEDING on Habeas Corpus to secure release from custody for violation of city ordinance prohibiting keeping and maintenance of goats. Writ discharged.

The facts are stated in the opinion of the court.

J. G. Rossiter and B. M. Marble for Petitioner.

James H. Howard, City Attorney, and Leonard L. Riccardi, City Prosecuting Attorney, for Respondent.

LAWLOR, J.—This is a companion case to *In re Mathews, ante,* p. 35 [214 Pac. 981]. Petitioner, Vada Lusher, was convicted of the offense of violating section 14(c) of Ordinance No. 1940 of the city of Pasadena, the violation consisting of keeping more than four goats within three hundred feet of another person's dwelling-house. Upon her petition a writ of *habeas corpus* was issued, the briefs and arguments being identical with those *In re Mathews, supra,* with the exception hereinafter considered. Upon the authority of that decision we hold that the ordinance being a valid and reasonable exercise of the police power, petitioner is not entitled to her release upon any of the considerations urged therein.

In the case at bar, however, petitioner alleges that two of the six goats which she kept were kids under the age of six months, and insists they should not be subject to the provisions of the ordinance. It is pointed out that all the authorities on goats refer to the progeny of goats under six months of age as kids. No other facts are presented to show wherein kids so differ in nature from goats that they should not be subject to such an ordinance as that involved herein.

[1] It is our opinion that, in view of the nature of the regulation, kids should be held to be included within it. A kid is "A young goat" (Webster's Dictionary). The ordinance expressly recognizes the difference between kids and goats in the case of males. No objection is made to the keeping in the city of male goats under six months of age, and in view of their generally recognized characteristics, the reason for such a distinction is readily discernible. No such distinction is made in the case of females, and no reason appears why we should draw it. If, as petitioner suggests, the female is free from the peculiar odor of the male, the reason of the ordinance would appear to be the noise made oy the animals, the odors attendant upon the keeping of them and the difficulty of maintaining such a condition of sanitation that they will not be offensive. In these respects the young may well be as great, if not a greater, source of discomfort than the more mature. Moreover, although the age of six months is

accepted by petitioner as the time when a kid becomes a goat, we cannot say it is invariably true, as it appears from the Encyclopedia Britannica, that at least in the case of Angora goats the age of maturity is less than among other breeds (vol. 12, p. 162). In view of these considerations we cannot hold that the age of the goats is a matter of defense under the ordinance.

The writ is discharged.

Lennon, J., Waste, J., Myers, J., Seawell, J., Kerrigan, J., and Wilbur, C. J., concurred.

Rehearing denied.